IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Cr. No.  2:01cr56-N |
| ) | (WO) |
| KATIE ZELLARS  ) | |

### ORDER

On May 18, 2005, the court conducted a hearing on whether, pursuant to 18 U.S.C. § 3006A(f), Defendant Katie Zellars should be required to repay the costs advanced for her court-appointed defense in the above-styled criminal case.  At the hearing, the court made full inquiry into Zellar's present, actual ability to bear the costs and received evidence concerning Zellar's medical treatment and employment history.  See United States v. Bracewell, 569 F.2d 1194, 1199 (2d Cir. 1978) (holding that under 18 U.S.C. § 3006A(f), "the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds").  The court also has considered the fact that Zellars has made full restitution in this case (Doc. No. 36), and it has examined the briefs in which both the government and defense counsel oppose repayment of legal fees.  (See Doc. Nos. 43-44.)

Based on the foregoing and after careful consideration, the court finds that repayment of legal fees would cause Zellars such financial hardship as to make repayment "impractical or unjust."  Museitef v. United States, 131 F.3d 714, 716 (8th Cir. 1997).  The court, therefore, declines to order Zellars to forfeit her civil service retirement and unpaid annual leave, totaling $46,814.33.

Accordingly, it is CONSIDERED and ORDERED that the United States Postal Service is hereby RELEASED from the court's prior order directing it to withhold payment of said funds (see Doc. No. 35) and is DIRECTED to make said payment to Defendant Katie Zellars.

DONE this 19th day of August, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE